-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NASHON JACKSON, 95A2578,

Plaintiff,

-v-

GLENN S. GOORD, JAMES T. CONWAY, RANDY K. JAMES, JAMES KENNEDY, LIEUTENANT MONIN, LIEUTENANT DOUGHERTY, MARK NORCROSS, JOHN ROACH, and ROBERT K. WOODS,

Defendants.

---

DECISION AND ORDER
06-CV-6172CJS(P)

FILED
U.S. DISTRICT COURT

## INTRODUCTION

Plaintiff Nashon Jackson, an inmate of the Marcy Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos. 2 and 4). Plaintiff claims that the defendants, Glenn S. Goord, James T. Conway, Randy K. James, James Kennedy, Lieutenant Monin, Lieutenant Dougherty, Mark Norcross, John Roach, and Robert K. Woods, violated his constitutional rights when he was denied personal, religious and other materials, was retaliated against in a number of ways, and was subjected to cruel and unusual conditions of confinement. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, one of his claims is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals is ordered with respect to the remaining claims.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that one of plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) because it fails to state a claim upon which relief may be granted.

It is well settled that when a litigant makes a constitutional challenge to a determination which affects the overall length of his imprisonment, the "sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See also Heck v. Humphrey*, 512 U.S. 477 (1994) (an inmate's claim for damages resulting from due process violations during his criminal trial was not cognizable under § 1983 until the conviction or sentence was invalidated on direct appeal

or by a habeas corpus petition). The United States Supreme Court held in *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), that an inmate's suit for damages pursuant to 42 U.S.C. § 1983 arising out of alleged procedural due process violations during a prison disciplinary hearing which led to a revocation of the inmate's accrued good-time credits was barred by the holding in *Heck*. In so doing, the Court explained that even though the plaintiff did not seek the restoration of his good-time credits, "a ruling in his favor on his procedural claims would necessarily vitiate the administrative decision revoking his good-time credits." *Jenkins v. Haubert*, 179 F.3d 19, 25 (2d Cir. 1999).

Here, after a disciplinary hearing, plaintiff was sentenced to 24 months recommended loss of good-time credits, in addition to other sanctions. Although the sentence was later reduced, after administrative modification, to recommended loss of 12 months good-time credits, the disciplinary hearing determination affecting plaintiff's length of time in custody does not appear to have been ultimately overturned.[1] Clearly, a decision in this action concerning plaintiff's due process rights during the hearing would have the effect of calling into question the disciplinary hearing determination, thus necessarily affecting the hearing officer's decision to recommend the loss of good-time credits. Therefore, under the circumstances here, the only means by which plaintiff may raise this claim is by direct appeal of the disciplinary hearing determination itself or through a habeas proceeding. Accordingly, the claims related to the disciplinary hearing of May 26, 2004 which resulted in the recommended loss of good time credit are hereby dismissed as premature unless or until the recommendation of loss of good time credit is overturned.

---

[1]At Plaintiff does not allege that the disciplinary hearing determination was invalidated on direct appeal or by a habeas corpus petition.

**CONCLUSION**

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's claims related to the disciplinary hearing of May 26, 2004 are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the U.S. Marshal is directed to serve the summons and complaint regarding the remaining claims.

**ORDER**

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's claims related to the disciplinary hearing of May 26, 2004 are dismissed;

FURTHER, that the Clerk of the Court is directed to terminate defendant John Roach as a party to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Glenn S. Goord, James T. Conway, Randy K. James, James Kennedy, Lieutenant Monin, Lieutenant Dougherty, Mark Norcross, and Robert K. Woods without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
May 16, 2006.