-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NASHON JACKSON, 95A2578,

            Plaintiff,

                -v-

GLENN S. GOORD, JAMES T. CONWAY,
RANDY K. JAMES, JAMES KENNEDY,
LIEUTENANT MONIN,
LIEUTENANT DOUGHERTY,
MARK NORCROSS, JOHN ROACH, and
ROBERT K. WOODS,

                Defendants.

_____

**DECISION AND ORDER**
**06-CV-6172CJS(P)**

       Plaintiff *pro se* Nashon Jackson, has filed a motion to reconsider (Docket No. 6) the Court's Order dated May 16, 2006 (Docket No. 5) dismissing claims related to his May 26, 2004 disciplinary hearing.

       Pursuant to the Court's initial review under 28 U.S.C. § 1915, the Court allowed certain claims to go forward, but dismissed plaintiff's claims related to the May 26, 2004 disciplinary hearing on the basis that challenging the disciplinary hearing would essentially be challenging his resulting sentence to a recommended loss of good-time, which sentence had not yet been invalidated.

       The Court takes judicial notice of the fact that, according to the New York State Department of Correctional Services website, plaintiff is currently serving a term of imprisonment with a maximum of life.[1] Because a prisoner with a term of life imprisonment is not eligible for good-time credits, dismissal of plaintiff's due process claims on the basis that he would effectively be

_____

[1] Federal Rule of Evidence 201(b) provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."

challenging the loss of good-time credits would be error. Plaintiff's request to reconsider the Court's Order of May 16, 2006 is granted.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's motion to reconsider the Court's Order of May 16, 2006 is granted;

FURTHER, that the Clerk of the Court is directed to reinstate defendant John Roach as a party to this action and reinstate claims relating to the May 26, 2004 disciplinary hearing;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Glenn S. Goord, James T. Conway, Randy K. James, James Kennedy, Lieutenant Monin, Lieutenant Dougherty, Mark Norcross, John Roach and Robert K. Woods without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED:     July 18, 2006
           Rochester, New York

2