UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NAHSHON JACKSON, 95A2578,

                                Plaintiff,

       -v-                                             DECISION AND ORDER

GLENN S. GOORD, et al.,                            06-CV-6172 CJS

                                Defendants.

---

INTRODUCTION

Now before the Court is Plaintiff's application for injunctive relief [#38]. For the reasons that follow, the application is denied.

BACKGROUND

Plaintiff, a prison inmate in the custody of the New York State Department of Correctional Services ("DOCS"), is suing pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights in connection with his incarceration at Attica Correctional Facility ("Attica") and Upstate Correctional Facility ("Upstate"). Discovery is completed, cross-motions for summary judgment have been briefed, and the Court is preparing to issue a written decision on those motions. For reasons that are connected to the instant application, the Court observes that at deposition, Plaintiff admitted using marijuana while incarcerated, and indicated that marijuana was freely available in prison:

> Q. . .. [Y]ou were at Clinton Correctional Facility and you got a new misbehavior report?
>
> A. Correct.
>
> Q. That was for drugs?
>
> A. Well, you say drugs. I say herbs.

> Q. Okay. Smoking marijuana?
>
> A. Yes.
>
> Q. How do you guys get the marijuana in the facility?
>
> \*\*\*
>
> A. It's a situation whereas [sic] people find ways to have other people to bring it in.
>
> Q. So it's just smuggled in?
>
> A. And what happens is it's made available to the population.
>
> Q. From inmate to inmate?
>
> A. Inmate to inmate.

Pl. Deposition at 160-161. One of Plaintiff's claims in this action is that in 2004, while at Attica, he was improperly punished after a urine test revealed that he had used "cannabinoids." Plaintiff does not claim that he was innocent of using marijuana, but instead, he contends that Defendants did not follow the requirements of DOCS Directive 4937 when they tested him. *Id*. at 115-116.

Against this backdrop, on March 8, 2011, Plaintiff, who is presently incarcerated at Collins Correctional Facility ("Collins"), filed the subject "Motion for Expedited Preliminary Injunction" [#38], seeking an injunction preventing DOCS from "enforc[ing] an unconstitutionai policy or practice which subject[s] the Plaintiff to a method of randomly selecting him for urinalysis testing which unnecessarily exposes him to a risk of harassment and places his liberty in jeopardy." *Id*. at 1. In short, Plaintiff contends that DOCS officials are targeting him for urine testing, in retaliation for him filing inmate grievances. *Id*. at 2. Plaintiff states that such drug testing will cause him irreparable harm, because it may impair his chances for obtaining release on parole. Plaintiff alleges that his application "involves

similar facts" as his claim in the underlying action, in which he maintains that in 2004, officials at Attica failed to follow DOCS procedures in testing his urine.

Specifically, in connection with the instant application, Plaintiff contends that on June 22, 2010, at Auburn Correctional Facility ("Auburn"), he filed a harassment complaint against Corrections Officer Pflueger ("Pflueger"). Pl. Affirmation [#38] at ¶ 7.  In August 2010, Pflueger was put in charge of Urinalysis at Auburn. *Id*. at ¶ 9.  In February 2011, some eight months after Plaintiff filed the grievance against Pflueger, Plaintiff was selected for urinalysis in connection with Auburn's "Inmate Drug Testing System." *Id*. at ¶ 10.  Pflueger tested Plaintiff's urine and indicated that it tested positive for drug use. *Id*. at ¶ 17. Plaintiff believes that Pflueger placed his name on the urinalysis list in order to retaliate against him for the incident eight months earlier, and tampered with his urine sample. *Id*. at ¶ 16-17.  Hearing Officer McCarthy ("McCarthy") subsequently conducted a disciplinary hearing and found Plaintiff guilty, and imposed a sentence that included twelve months in the Special Housing Unit ("SHU").  In that regard, Plaintiff maintains that McCarthy falsified the documents appointing himself as hearing officer, violated Plaintiff's rights at the hearing, and "prejudged Plaintiff as a result of previous drug related convictions." *Id*. at ¶ ¶ 22-27, 34.

## DISCUSSION

To the extent that Plaintiff is seeking to supplement his Complaint in this action by adding the foregoing allegations concerning events at Auburn, the request is denied. In that regard,

> Rule 15(d) permits the court, upon motion of a party, to allow the filing of a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d). Supplemental relief may include the addition of new defendants and new claims, if adequately related to the originally stated claims.

*Smith v. Haag*, No. O8-CV-6360CJS, 2009 WL 3073976 at *1 (W.D.N.Y. Sep. 22, 2009) (Payson, M.J.) (citations and internal quotation marks omitted). Supplemental pleadings are "limited to subsequent events related to the claim or defense presented in the original pleading." 3 MOORE'S FEDERAL PRACTICE 3d § 15.30 (2010). In the instant case, the alleged retaliation by officials at Auburn in 2011 is not sufficiently connected to the alleged retaliation by officials at Attica in 2004, described in the underlying complaint, to warrant the filing of a supplemental pleading in this action. Additionally, it does not appear that Plaintiff has exhausted his administrative remedies concerning the new alleged retaliation, as required by 42 U.S.C. § 1997e(a).

Moreover, Plaintiff's request for injunctive relief is denied. The standard to be applied when considering an application for preliminary injunctive relief is well settled:

> A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor. When the movant seeks a 'mandatory' injunction-that is, as in this case, an injunction that will alter rather than maintain the status quo-[he] must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits.

*Doninger v. Niehoff*, 527 F.3d 41,47 (2d Cir. 2008) (citations omitted). A district court may deny a motion for preliminary injunctive relief without a hearing, and its decision to do so is reviewed for an abuse of discretion. *Wall v. Construction & Gen. Laborer's Union*, No. 036091, 80 Fed.Appx. 714, 2003 WL 22717669 at *1 (2d Cir. Nov. 17,2003). Violation of a constitutional right is considered "irreparable harm." *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir.1996) ("The district court ... properly relied on the presumption of irreparable injury that flows from a violation of constitutional rights."); *see also, Charette v. Town of Oyster Bay*,

159 F.3d 749, 755 (2d Cir.1998) ("In the context of a motion for a preliminary injunction, violations of First Amendment rights are commonly considered irreparable injuries.") (citation and internal quotation marks omitted). Moreover, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912E(SR), 2006 WL 618576 at *3 (W.D.N.Y. Mar. 10, 2006) (citation omitted); *accord, Taylor v. Rowland*, No. 3:02CV229(DJS)(TPS), 2004 WL 231453 at *2-3 (D.Conn. Feb. 2, 2004).

In this case, for the reasons already discussed, there is not a sufficient relationship between the injury claimed in the subject motion and the conduct giving rise to the underlying complaint to warrant the issuance of an injunction. Moreover, even assuming that the claimed injury was sufficiently related, Plaintiff has not demonstrated that he is entitled to injunctive relief. In that regard, Plaintiff's conclusory allegations of a conspiracy against him, together with the mere fact that he wrote a grievance against Pflueger eight months earlier, does not meet the legal standard set forth above for obtaining injunctive relief. Additionally, Plaintiff is no longer housed at Auburn. Consequently, Plaintiff's application for injunctive relief [#38] is denied.

So Ordered.

Dated: May 4 , 2011
       Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge