UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NAHSHON JACKSON, 95A2578,
                              Plaintiff,
      -v-                                                                     DECISION AND ORDER

GLENN S. GOORD, et al.,                                    06-CV-6172 CJS
                              Defendants.
_____

INTRODUCTION

Now before the Court is Plaintiff's application (Docket No. [#40]) to disqualify the Court, and for reconsideration of the Court's Decision and Order [#39] denying his application [#38] for injunctive relief. The application is denied.

BACKGROUND

The reader is presumed to be familiar with the facts of this case, as set forth in the Court's prior Decision and Order [#39]. Plaintiff is a prison inmate, in the custody of the New York State Department of Correctional Services ("DOCS"), who is proceeding *pro se*. He is suing pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights in connection with his incarceration at Attica Correctional Facility ("Attica") and Upstate Correctional Facility ("Upstate"). Specifically, he maintains that Defendants employed at Attica violated his rights in the following ways: 1) by searching his cell and confiscating various correspondence and religious and political materials; 2) by confining him in the Special Housing Unit ("SHU") under inhumane living conditions; 3) by retaliating against him for exercising his First Amendment rights; 4) by failing to return his property; 4) by subjecting him to various retaliation, including a false positive result on a urinalysis drug screening, designed to prevent him from functioning as an inmate

representative on the Inmate Grievance Review Committee ("IGRC"); and 5) by denying him procedural due process at disciplinary hearings. He further states that after he was transferred to Upstate from Attica to serve an SHU sentence, Defendants there violated his rights by placing him in a cell with a violent inmate.

On March 8, 2011, approximately five years after commencing this action, Plaintiff filed the aforementioned application for injunctive relief [#38]. At that time, he was housed at Collins Correctional Facility ("Collins"). His application sought an order directing DOCS not to subject him to retaliatory urinalysis testing. *See*, Notice of Motion [#38]. In that regard, he alleged that while he was housed at Auburn Correctional Facility ("Auburn"), a Corrections Officer Pflueger ("Pflueger") retaliated against him by selecting him for urinalyis, months after Plaintiff filed a complaint against him. Plaintiff contends that Pflueger intentionally targeted him for such testing, rather than using a random selection process. Pflueger's testing of Plaintiff's urine purportedly indicated the presence of marijuana, and Plaintiff was disciplined. However, Plaintiff alleged that he had not used drugs, and that the urinalysis was being used to retaliate against him.

The Court denied the application for injunctive relief because the injunction claim was not sufficiently related to the claims in this action, and because Plaintiff had not demonstrated his right to injunctive relief in any event. Moreover, since Plaintiff was no longer housed at Auburn, his claim for injunctive relief was moot. The Court also denied Plaintiff's application to supplement the Complaint in this action with his claims concerning events at Auburn, since the Auburn claims were not sufficiently related to the claims involving Attica and Upstate.

On May 17, 2011, Plaintiff filed the subject motion to disqualify the Court, and for reconsideration. In support of the application, he alleges that the Court has a personal bias against him. More specifically, he alleges that the Court denied his application out of "spite," because he had filed a complaint against the Court with the "Administrative Officer of the United States Courts." *Id*. at 3. He also maintains that "[t]he Court did not acknowledge [his] motion papers and ignored [his] request for an expedited hearing." [#40] at p. 2. Furthermore, he states that in its Decision and Order, the Court improperly cited a portion of his deposition testimony, in which he admitted using marijuana while incarcerated.

## DISCUSSION

Plaintiff has moved to disqualify the Court, based on its ruling denying his motion for injunctive relief.

> Under 28 U.S.C. § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The movant must show an appearance of impartiality based on "what a reasonable person, knowing and understanding all the facts and circumstances, would believe." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1309 (2d Cir.1988), *cert. denied*, 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1012 (1989). Under 28 U.S.C. § 455(b)(1), a judge also must "disqualify himself ... [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

*U.S. v. Yonkers Bd. of Educ.*, 946 F.2d 180, 183 -184 (2d Cir. 1991). Moreover, as the Second Circuit recently stated,

> [p]rior rulings are, ordinarily, not a basis for disqualification. *United States v. Yousef*, 327 F.3d 56, 170 (2d Cir.2003) (declining to set a precedent that would "essentially ... requir[e] ... judges to recuse themselves anytime they were asked to revisit a prior decision"); *see also Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). As the Supreme Court has explained, absent a "deep-seated favoritism or antagonism that would make fair judgment impossible," rulings are "[a]lmost

invariably ... proper grounds for appeal, not for recusal." *Id*.

*Gallop v. Cheney*, 645 F.3d 519, 520 -521 (2d Cir. 2011). Here, the Court has no antagonism towards Plaintiff, and it denied his application [#38] because it lacked merit. The fact that Plaintiff had previously complained that the Court was taking too long to issue a decision played no part in the Court's ruling. Nor does the Court believe that any reasonable person, knowing and understanding all the facts and circumstances, would believe that there is an appearance of impropriety in the Court presiding over this action. Accordingly, the motion to disqualify the Court is denied.

Plaintiff also seeks reconsideration, and the legal principles concerning such motions are well-settled. In that regard, FRCP 54(b) provides that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"Under Fed.R.Civ.P. 54(b) as well as the inherent power of the court to reconsider a prior decision at any time before the entry of final judgment, the major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Shervington v. Village of Piermont*, 732 F.Supp.2d 423, 425 (S.D.N.Y. 2010) (citations omitted). Applying these principles, the Court sees no basis to reconsider its Decision and Order [#39]. As for Plaintiff's attempt to litigate his complaints concerning the incidents at Auburn, he is free to attempt to pursue such claims, but not as part of this action.

## CONCLUSION

Plaintiff's application [#40] is denied in all respects.

So Ordered.

Dated: September 22, 2011
       Rochester, New York

                                          /s/ Charles J. Siragusa
                                          CHARLES J. SIRAGUSA
                                          United States District Judge