UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NAHSHON JACKSON,

                               Plaintiff

-vs-                                                    DECISION AND ORDER
                                                                     06-CV-6172 CJS(MWP)
GLENN S. GOORD, et al.,

                               Defendants
_____

INTRODUCTION

Plaintiff, a prisoner in the custody of the New York State Department of Corrections and Community Services ("DOCCS"), is suing pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. Now before the Court is Defendants' motion to revoke Plaintiff's *in forma pauperis status* and dismiss this action. (Docket Nos. [#50] [#54]).[1] The application to revoke Plaintiff's *in forma pauperis* status is granted, and the action is dismissed with prejudice.

BACKGROUND

On March 27, 2006, Plaintiff submitted to the Court a Complaint and an application to proceed *in forma pauperis* ("IFP"). The Complaint [#1] complained about matters that allegedly occurred at Attica Correctional Facility ("Attica") and Upstate Correctional Facility ("Upstate"). At the time Plaintiff commenced this action he was housed at Marcy Correctional Facility ("Marcy"), and there is no

---

[1] Defendants filed two motions [#50][#54] seeking the same relief. It appears that Defendants may have intended to withdraw the first motion, and replace it with the second, essentially identical, motion. To avoid any confusion, the Court lists the docket numbers of both motions.

indication that he was in imminent danger of physical harm at that time.

When filing this action, Plaintiff used a form complaint[2] that required him to list any other lawsuits that he had filed pertaining to his imprisonment. Plaintiff responded by listing just three actions: *Jackson v. Goord, et al.*, No. 97 Civ. 7149 (Southern District of New York), *Jackson v. Pataki, et al.*, No. 00-CV-1102 (Northern District of New York) and *Jackson v. Ricks, et al.*, No. 02-CV-0773 (Northern District of New York). Plaintiff represented that *Jackson v. Goord* and *Jackson v. Ricks* were still pending, and that *Jackson v. Pataki* had been "dismissed without prejudice." (Complaint [#1] at pp. 3-4). Plaintiff signed the complaint under penalty of perjury.

On May 16, 2006, the Court relied on Plaintiff's representations and granted his application to proceed *in forma pauperis*. (Order, Docket No. [#5]). When a prison inmate is granted leave to proceed *in forma pauperis*, the court filing fee is collected from his prison account over time.[3] In Plaintiff's case, however, the Clerk of the Court has advised that no fees were ever collected from Plaintiff's inmate account. Accordingly, the filing fee, which was $250.00 at the time Plaintiff filed this action, remains unpaid.

---

[2] Plaintiff wrote out the complaint by hand, tracking the language of the standard § 1983 form complaint used by the Court.

[3] *See*, Pro Se Guidelines, U.S. District Court, Western District of New York ("A statute enacted in 1996 affected *in forma pauperis* status for prisoners. As a result prisoners, even though they are granted *in forma pauperis* status, must still pay the filing fee, but over a period of time out of their prisoner account. However, the filing of the lawsuit will not be delayed because the prisoner has no money in his or her prisoner account. 28 U.S.C. § 1915 (b)(1) and (4).")

This action then proceeded through pretrial discovery. On October 12, 2011, the Court issued a Decision and Order [#42], which, *inter alia*, denied summary judgment as to certain claims. On July 9, 2013, the Court issued a Pretrial Order [#49], scheduling this matter for trial on March 3, 2014.

On November 7, 2013, Defendants filed the subject motion [#50] to revoke Plaintiff's *in forma pauperis* status and dismiss the action. Specifically, Defendants indicate that the Court should revoke Plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g), and dismiss the action, because prior to the date that he commenced this action, he had at least three other actions dismissed as being frivolous, malicious, or failing to state a claim. Defendants also maintain that the Court should dismiss the action with prejudice as a sanction, since Plaintiff made material misrepresentations to the Court when he indicated that he had only filed three prior lawsuits.

In support of the application, Defendants maintain that Plaintiff had actually filed eleven actions relating to prison conditions prior to commencing this one, not three.[4] Furthermore, in connection with those eleven actions, Defendants maintain that four of the actions, including one that Plaintiff listed on the Complaint, *Jackson v. Pataki*, 00-CV-1102, and one appeal, were dismissed, as being frivolous,

---

[4] Those actions are: 1) *Jackson v. Suffolk County Homicide*, 95-CV-4684 (E.D.N.Y.); 2) *Jackson v. Artuz*, 95-CV-8868 (S.D.N.Y.); 3) *Allah, et al. v. Pataki*, 95-CV-9921 (S.D.N.Y.); 4) *Jackson v. Artuz*, 96-CV-0259 (E.D.N.Y.); 5) *Jackson v. U.S. Postal Service*, 96-CV-5392 (mistakenly identified by Defendants as 96-CV-*9352*) (S.D.N.Y.); 6) *Jackson v. Goord*, 97-Civ. 7149 (S.D.N.Y.); 7) *Jackson v. Artuz*, 98-CV-0104 (E.D.N.Y.); 8) *Jackson v. Pataki*, 00-CV-1102 (N.D.N.Y.); 9) *Jackson v. Duncan*, 01-CV-0966 (N.D.N.Y.); 10) *Jackson v. Ricks*, 02-CV-0773 (N.D.N.Y.); and 11) *Jackson v. USA*, 03-CV-0353 (S.D.N.Y.).

malicious or failing to state a claim, before he commenced this action.[5] As support, Defendants have submitted a Memorandum Decision and Order of the Honorable Glenn T. Suddaby, United States District Judge, Northern District of New York, in the case of *Jackson v. Pfau*, 10-CV-1484, dated May 12, 2011, in which, *inter alia*, the court denied Plaintiff's application to proceed *in forma pauperis*, due to the fact that he had at least four prior "strike" dismissals pursuant to 28 U.S.C. § 1915(g), all of which pre-date Plaintiff's filing of this action. *See*, Levine Decl. [#50-1], Ex. A, at p. 10.  In that regard, Judge Suddaby stated:

> At least four of [Jackson's] actions or appeals have resulted in 'strikes' for purposes of 28 U.S.C. § 1915(g). *See, Jackson v. Pataki*, 00-CV-1102, Judgment (N.D.N.Y. filed March 26, 2003) (Mordue, J.) (adopting Report-Recommendation of Homer, M.J., recommending that Court grant defendant's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12[b][6]); *Jackson v. USA*, 03-CV-0353, Order of Dismissal (S.D.N.Y. filed Jan. 16, 2003) (Mukasey, C.J.) (*sua sponte* dismissing complaint pursuant to U.S.C. § 1915[e][2]; *Jackson v. Artuz*, 95-CV-8868, Order of Dismissal (S.D.N.Y. filed July 30, 1999) (Stein, J.) (granting defendants' motion for judgment on pleadings pursuant to Fed. R. Civ. P. 12[c]; *Jackson v. U.S.P.S.*, 96-CV-5392, Order of Dismissal (S.D.N.Y. filed July 19, 1996) (Griesa, C.J.) (*sua sponte* dismissing complaint pursuant to section of 28 U.S.C. § 1915 formerly designated as '(d),' currently designated as '(e)(2)').

*Id*.

It is significant that although Plaintiff appealed Judge Suddaby's ruling, the Second Circuit affirmed, and specifically found that Judge Suddaby had not erred in

---

[5] *See*, Declaration of Gary Levine, Assistant Attorney General [#50-1] at ¶ 4.

denying the application to proceed *in forma pauperis*. Levine Decl. [#50-1], Ex. B, *Jackson v. Pfau*, 12-324-pr, (2d Cir. Apr. 4, 2013) ("The District Court also properly found that at least four of Jackson's prior actions or appeals resulted in 'strikes' for purposes of § 1915(g), and therefore properly denied his motion to proceed IFP pursuant to that section.").

Plaintiff nevertheless opposes the motion to dismiss, and indicates, first, that Defendants' counsel is acting in bad faith by bringing this motion after the court-imposed deadline for bringing dispositive motions, thereby "hindering [Plaintiff's] ability to prosecute this civil rights action." Pl. Response [#52] at ¶ 3. Plaintiff further indicates that when he drafted the Complaint, he only mentioned three prior lawsuits, while failing to mention eight others, because he was confined to the Special Housing Unit ("SHU"), and only had legal papers pertaining to the three listed actions in his SHU cell, while papers relating to the other eight actions were in storage. *Id*. at ¶¶ 24-26. Plaintiff further states that he was "unable to remember the exact title and cites of each of [those] cases and the manner in which they were disposed of." *Id*. at ¶ 26. Plaintiff also contends that the Court should deny Defendants' motion, because Defendants' counsel, who has practiced before the Court for more than a decade, has not produced evidence that he is admitted to practice. Additionally, Plaintiff argues that the motion to dismiss should be denied because Defendants' counsel did not sign the motion, although that assertion is incorrect.

DISCUSSION

The relevant section of law upon which Defendants' motion is based states, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.A. § 1915(g) (West 2014). Clearly, the Court may revoke a prisoner plaintiff's IFP status if it determines that he is in violation of the three strikes provision. *See, generally, Harris v. City of New York*, 607 F.3d 18 (2d Cir. 2010); *Collazo v. Pagano*, 656 F.3d 131, 133-134 (2d Cir. 2011).

In this case, the Court finds that Plaintiff accumulated three "strikes" prior to commencing this action, and that the "imminent danger" exception does not apply. The Court will therefore revoke Plaintiff's *in forma pauperis* status.

The Court also finds that revocation of Plaintiff's IFP status and dismissal of the action is warranted, as a sanction which the Court may impose pursuant to its inherent authority over this action, because he misrepresented his prior litigation history to the Court, hampering the Court's ability to evaluate his IFP application. *See, Harris v. City of New York*, 607 F.3d at 23 ("As an initial matter, we note that Harris's 'Prisoner Complaint' forms misrepresented how many strike suits he had filed prior to bringing the instant action. Harris should not benefit from his own

misleading submissions[.]"); *Cameron v. Lambert*, No. 07 Civ. 9258(DC), 2008 WL 4823596 at *4 (S.D.N.Y. Nov. 7, 2008) ("Pursuant to its inherent power, a court may impose sanctions against a party for 'act[ing] in bad faith, vexatiously, wantonly, or for oppressive reasons.' *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citations omitted), and for 'misconduct during the course of litigation.' *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 37-38 (2d Cir.1995).").

The only remaining issue is whether such dismissal should be with prejudice. In an analogous case, the Second Circuit affirmed the dismissal, with prejudice, of an action in which a *pro se* litigant, in bad faith, misrepresented his income and assets in connection with an application to proceed *in forma pauperis*. *See, Vann v. Commissioner of the New York City Department of Correction*, No. 11-2200-pr, 496 Fed.Appx. 113, 2012 WL 4010492 (2d Cir. Sep. 13, 2012). In that decision, the Circuit Court stated that, "[t]o determine whether a plaintiff has acted in bad faith a court may consider a plaintiff's familiarity with the *in forma pauperis* system and history of litigation." *Id.*, 2012 WL 4010492 at *2. In the instant case, the record indicates that Plaintiff was an experienced *pro se* litigator when he commenced this action. It is also evident that Plaintiff, who apparently filed most, if not all, of his lawsuits from prison, was familiar with the *in forma pauperis* system.[6]

---

[6] For example, as indicated above, ten years before Plaintiff commenced this action, Judge Griesa, in *Jackson v. U.S.P.S.*, 96-CV-5392, granted Plaintiff leave to proceed *in forma pauperis*, and dismissed Plaintiff's complaint pursuant to what is now 28 U.S.C. § 1915(e)(2).

Consequently, the Court finds that Plaintiff knew that he was required to list all of his prior lawsuits.

The Court also notes that Plaintiff's explanation for failing to list his prior prison lawsuits, many of which had been dismissed as "strikes," is unconvincing. In that regard, Plaintiff indicates that he did not list those other cases because his papers relating to them were in storage, and he was "unable to remember the exact title and cites of each of [those] cases and the manner in which they were disposed of." Pl. Response [#52] at ¶ 26. However, Plaintiff does not explain why he signed the deficient complaint under penalty of perjury, rather than requesting to have the documents taken out of storage, or why he did not write to the particular courts, where those cases had been filed, and request the necessary information. At the very least, he could have told the Court that he had prior lawsuits, but could not remember the details. That way, the Court could have obtained the necessary information before makings its determination concerning *in forma pauperis*.[7]

Based upon all of the foregoing factors, the Court finds that dismissal with prejudice is appropriate, based on Plaintiff's bad faith conduct. The Court is somewhat reluctant to do so, since some of Plaintiff's claims have survived summary judgment. Nevertheless, it appears that Plaintiff intentionally misled the Court. Moreover, simply dismissing the action without prejudice and permitting

---

[7] As noted earlier, Plaintiff contends that the Court should deny Defendants' motion because it is untimely. The Court disagrees, and finds that Plaintiff can hardly complain about the fact that it took Defendants this long to discover his deception.

Plaintiff to re-file the action and pay the filing fee would not provide an adequate deterrent to such conduct.

CONCLUSION

Defendant's motion [#50][#54] to dismiss is granted, with prejudice. The Clerk of the Court is directed to close this action.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.

Dated:   Rochester, New York
         February 3, 2014

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge