UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NAHSHON JACKSON,

                              Plaintiff

-vs-                                                                    DECISION AND ORDER
                                                                        06-CV-6172 CJS(MWP)
GLENN S. GOORD, et al.,

                              Defendants

_____


INTRODUCTION

Plaintiff, a prisoner in the custody of the New York State Department of
Corrections and Community Services ("DOCCS"), brought this action pursuant to 42
U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights.  On
February 4, 204, the issued a Decision and Order (Docket No. [#57]), granting
Defendants' motion to revoke Plaintiff's *in forma pauperis status* and dismissing this
action.  Sixteen days later, on February 21, 2014, Plaintiff filed a motion [#60] for
reconsideration/vacatur of that Decision and Order, styled as a motion "pursuant to Rule
60(b)(3), (4), (6) of the Federal Rules of Civil Procedure."  The application is denied.

BACKGROUND

In the prior Decision and Order, the Court granted Defendants' application to
revoke Plaintiff's *in forma pauperis* status and dismiss this action, because it found that
Plaintiff intentionally misled the Court about his litigation history when he commenced
this action.  Specifically, Plaintiff hid the fact that he already had more than three "strikes"
for purposes 28 U.S.C. § 1915 when he applied for *in forma pauperis status*, and that he
intentionally failed to disclose numerous other lawsuits that he had filed.

1

Plaintiff now contends that the Decision and Order [#57] should be "vacated," because Defendant's counsel, an Assistant of the New York State Attorney General, defrauded the Court.  Plaintiff's theory on this point is bizarre: He contends that the attorney undertook to represent the Defendants in this action without their authorization, and that the Defendants actually have no knowledge of this lawsuit.  Because of that, Plaintiff further contends, this Court never obtained personal jurisdiction over the Defendants:

> [S]uch Order is void and of no effect because the Defendants were not brought properly before the Court by voluntary appearance or by service of process upon them, in which jurisdiction over the person of each Defendant was never acquired by the Court. . . .  Defendants never had knowledge of the civil action and were being kept in ignorance by the acts of Plaintiff's opponent who fraudulently or without authority assumed to represent Defendants[.]

Rule 60(b) Motion [#60] at ¶ ¶ 3-4.[1]  Plaintiff purportedly arrived at this conclusion after reviewing the docket sheet.  For example, Plaintiff contends that "[t]here are no docket entries showing that the Clerk of the Court . . . cause[d] the U.S. Marshal to serve copies of the Summons [and] Complaint . . . upon the Defendants." *Id*. At ¶ 8.  In fact, though, docket entry [#7] indicates that Defendants Conway, James, Kennedy, Monin, Dougherty and Norcross were served with process in this action.[2]   The docket does not expressly

---

[1]Presumably, if Defendants actually never had notice of this lawsuit and the Court never obtained personal jurisdiction over them, Plaintiffs claims would have to be dismissed with prejudice in any event, because of lack of jurisdiction, and because the statute of limitations expired years ago.

[2]*See*, Docket No. [#7] ("SUMMONS Returned Executed by Nahshon Jackson. James T. Conway served on 6/23/2006, answer due 7/13/2006; Randy K. James served on 6/23/2006, answer due 7/13/2006; James Kennedy served on 6/23/2006, answer due 7/13/2006; Monin served on 6/23/2006, answer due 7/13/2006; Dougherty served on 6/23/2006, answer due 7/13/2006; Mark Norcross served on 6/23/2006, answer due 7/13/2006. (TO, ) (Entered: 06/26/2006)").

indicate that defendants Goord and Woods were served, but both of them appeared in the action and filed Answers to the Complaint, which do not raise the issue of jurisdiction. *See,* docket nos. [#10] & [#16].   Moreover, Defendants have never questioned the Court's jurisdiction over them.   Consequently, there is no genuine issue as to whether the Court has jurisdiction over Defendants. *See, Motown Record Co., L.P. v. Motown Beverage Co. of Ohio*, No. 97-9612, 165 F.3d 14 (table), 1998 WL 781449 at *1 (2d Cir. Nov. 6, 1998) ("Boyd effectively waived his challenge to personal jurisdiction and venue by filing an answer which did not set forth these defenses, and by failing to press the personal jurisdiction [issue].   As we have made clear, waiver of a challenge to personal jurisdiction may occur due to a party's conduct, as well as its failure to raise the defense in motions or pleadings. ").   Nor is there any reason think that the Defendants are unaware of this lawsuit.

DISCUSSION

Plaintiff brings this motion pursuant to Rule 60(b), subsections (3), (4) and (6), which state, in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> ***
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void; [or]
> ***
> (6) any other reason that justifies relief.

Motions under Rule 60(b) must be made "within a reasonable time," and with regard to

3

subsection (3), "no more than a year after the entry of judgment." FRCP 60(c)(1).

Plaintiff's motion can also be construed as a motion for reconsideration under Rule 59(e), since it was filed within the 28-day limit for such motions. *See*, FRCP 59(e) ("Motion to Alter or Amend a Judgment"). *See, U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 52 (2d Cir. 2001) ("[A] postjudgment motion requesting alteration or amendment of the judgment but denominated as something other than a motion under Rule 59 "is generally treated as having been made under Rule 59(e) . . . if the motion was filed within the [28]–day period allowed for a Rule 59(e) motion." ). "Motions for reconsideration are appropriate only if there has been an intervening change of controlling law, new evidence has become available, or there is a need to correct a clear error or prevent manifest injustice." *Flemming v. New York*, No. 06 Civ. 15226(LAP)(HBP), 2013 WL 4831197 at *8 (S.D.N.Y. Sep. 10, 2013) (citations and internal quotation marks omitted).

Plaintiff's motion lacks merit under either Rule 60(b) or Rule 59(e).  Plaintiff merely reviewed the docket sheet and came to the ridiculous conclusion that Defendants' counsel, for unexplained reasons, took it upon himself, over a period of several years, and without Defendants' knowledge, to defend a lawsuit in which he had no business participating.  The motion lacks any credible factual basis, and merely serves to reinforce the Court's opinion, alluded to in the prior Decision and Order, that Plaintiff has no compunction about making factual misstatements to the Court, or about making unsubstantiated *ad hominem* attacks on opposing counsel.

4

CONCLUSION

Plaintiff's motion [#60] is denied.  The Court hereby certifies, pursuant to 28

U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and

leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United*

*States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis*

should be directed on motion to the United States Court of Appeals for the Second

Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.

Dated:        Rochester, New York
              March 4, 2014

                                ENTER:


                                /s/ Charles J. Siragusa
                                CHARLES J. SIRAGUSA
                                United States District Judge